IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                      CRIMINAL ACTION NO. 2:20-cr-00010

DARRELL GOSSETT,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the Defendant's letter-form motion (Document 46) seeking early termination of his four-year term of supervised release. For the reasons stated herein, the Court finds that the motion should be granted.

Pursuant to 18 U.S.C. § 3583(e)(1), the Court may terminate a term of supervised release and discharge a defendant after the expiration of one year of supervised release. If such circumstance exists, the Court may modify or terminate the term of supervised released after considering the factors set forth in 18 U.S.C. § 3553(a), and if warranted by the conduct of the defendant and the interest of justice. 18 U.S.C. § 3583(e)(1); *see also United States v. Pregent*, 190 F.3d 279, 283 (4th Cir. 1999).

On June 17, 2020, the Defendant appeared before the Court after pleading guilty to possession with intent to distribute 50 grams or more of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. § 841(a)(1). He was sentenced to 70 months of imprisonment, to be followed by 48 months of supervised release. The Defendant began serving

his term of supervised release more than two (2) years ago on May 25, 2023, and has been under the supervision of the Probation Office in the Southern District of Ohio.

The Defendant requests that the Court grant his motion for early termination of supervised release so he can continue building a stable life and provide for his family without restrictions. In support of his motion, the Defendant states that he has followed all the terms of his supervised release, completed a Re-Entry program and a Momentum Work Readiness program, obtained his CDL, continued to work since being released, joined a church, and gained shared parenting rights of his children. Additionally, the Defendant attached several documents in support of his motion, including a letter of recommendation describing his achievements during his completion of the Re-Entry and Momentum Work Readiness programs, a letter from his Probation Officer stating that he has not incurred any violations since his release, a paystub, a certificate of baptism, a certificate demonstrating completion of CDL training, and various certificates demonstrating completion of courses in communication, stress personality, AI, computer literacy, resume writing, and job search strategies.

Although the Defendant has a significant criminal history and a history of substance abuse, he has maintained a law-abiding lifestyle since he began his term of supervised release in May 2023. Specifically, he received certificates from various courses. The Defendant has also obtained his CDL and became a truck driver since his release. Further, he has worked to repair and strengthen relationships with his family and community. In addition, as indicated by his Probation Officer, the Defendant has not had any violations, including any related to drug screenings, since beginning his term of supervised release. Having reviewed the factors under 18 U.S.C. § 3553 and the Defendant's conduct on supervised release, the Court finds the Defendant

is an appropriate candidate for early termination of supervised release and further finds that the same is in the interest of justice.

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the Defendant's motion (Document 46) be **GRANTED** and that his term of supervised release be **TERMINATED**. The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER: November 7, 2025

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA